Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000661
27-SEP-2013
09:11 AM

NO. CAAP-11-0000661

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STANLEY K. HUIHUI, JR., Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 10-1-27K)

SUMMARY DISPOSITION ORDER
(Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Stanley K. Huihui (**Huihui**) appeals from an August 10, 2011, Family Court of the Third Circuit (**Family Court**) Judgment Guilty Conviction and Sentence for Abuse of Family or Household Member, Terror Threat in the Second Degree, and Unlawful Imprisonment in the Second Degree.[1]

Huihui raises two points of error on appeal: (1) the Family Court erred in precluding Huihui from testifying about the complaining witness's (**CW's**) prior attempts to hurt herself; and (2) the Family Court improperly considered Huihui's failure to make a statement to the police in assessing his credibility and thereby adjudging him guilty.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Huihui's points of error as follows:

---

[1] The Honorable Joseph P. Florendo, Jr. presided.

(1) Huihui maintains that the Family Court abused its discretion when it refused to allow him to testify about CW's alleged suicidal tendencies (*i.e.*, alleged attempts to harm herself) pursuant to Hawaii Rules of Evidence (**HRE**) Rules 404(a) and (b). Huihui asserts that this failure deprived him of a complete defense and fair trial.

HRE 404(a) provides:

> (a) Character evidence generally. Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> . . .
>
> > (2) Character of victim. <u>Evidence of a pertinent trait of character of the victim of the crime offered by an accused</u>
> >
> > . . .

HRS § 626-1, HRE Rule 404 (emphasis added).

Huihui contends that CW's suicidal tendencies became a "pertinent trait" with regards to factual disputes over CW's rationale for allegedly jumping out of the truck, as well as in explaining the nature and extent of her injuries and his use of force upon her.

As stated in <u>State v. Maddox</u>, 116 Hawai'i 445, 457-60, 173 P.3d 592, 604-07 (App. 2007), character evidence may be properly excluded where it does not support a factual dispute at the time the defendant seeks to introduce the evidence. In this case, the dispute involved whether CW's attempts to exit the truck constituted purposeful acts to hurt herself or whether they were merely something else, such as an attempt to halt the alleged abuse or simply an act of exiting a stopped vehicle. The Family Court found that Huihui had not introduced sufficient evidence at that point in the trial to support his contention that CW's actions were suicidal, stating "[y]ou need more foundation in order to establish that the acts in this case were suicidal." Requiring more foundation was not an abuse of discretion. At that point in the trial, there had been no other evidence or assertion by Huihui that CW was specifically and

deliberately trying to harm herself. Moreover, Huihui did not make any offers of proof (such as a suicidal statement by CW) to supplement his contentions of suicide, and the matter was subsequently dropped and not reintroduced.

HRE 404(b) provides:

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident . . .

HRS § 626-1, HRE Rule 404 (emphasis added).

Huihui argues that CW's alleged prior attempts to harm herself also are admissible under HRE 404(b). Specifically, Huihui argues that knowledge of her prior attempts at self-harm were probative of his intent and his belief that his actions (in pulling her back into the truck traveling rapidly down the highway) were necessary to avoid imminent harm. Essentially, Huihui asserts a "choice-of-evils" defense under HRS § 703-302(1)[2/] and argues that this defense was inhibited by his lack of an ability to present evidence about CW's past acts of self-harm.

HRE 404(b) provides that an act may "be admissible where such evidence is probative of another fact that is of consequence to the determination of the action" (such as, among other things, intent and knowledge). However, regardless of CW's reasons for exiting the truck, if the trier-of-fact had found his version of the events to be credible, Huihui arguably would have

---

[2/]    HRS § 703-302 states:

(1) Conduct which the actor believes to be necessary to avoid an imminent harm or evil to the actor or to another is justifiable provided that:
    (a)    The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged . . .

been justified under a "choice-of-evils" defense in stopping her and preventing severe injury from her jumping out of a truck traveling 55 miles per hour down a highway.  See HRS § 703-302. Therefore, CW's alleged suicidal tendencies appear largely irrelevant, as Huihui presumably would have pulled her hair to bring her back into the vehicle even without his knowledge of the alleged prior suicidal attempts.  For these reasons, we conclude that the court did not abuse its discretion in precluding evidence of CW's alleged prior attempts to harm herself.

(2) Huihui also maintains on appeal that the Family Court's inquiry into whether he made a statement to the police constituted improper burden-shifting in violation of his constitutional rights to due process and to remain silent. Huihui claims that the Family Court's statement, after he was found guilty of the charges, that "one would think that if you had just saved a person's life, you would have mentioned that to the police officers" was prejudicial error because (1) the statement was not a permissible inference based on trial evidence; and (2) the statement evidenced an unconstitutional burden-shifting from the prosecution to the defense.  Huihui asserts that the implication of the Family Court's comment was that, if he had actually introduced evidence of a police statement, the Family Court would have found his story more believable, which effectively shifted the burden of proof onto Huihui to show that CW was lying.  Additionally, Huihui contends that the Family Court's inquiry into his lack of a police statement infringed upon his constitutionally-protected right to remain silent.

While the Family Court's off-hand inquiry (prefaced by "I'm just curious", and noting, "this is after I've already decided the case") was arguably inappropriate, there is no evidence or any reasonable inference that the Family Court found Huihui guilty based even in part on whether or not Huihui gave a

statement to the police.  There was ample evidence in the record to support the conviction.  On appeal, Huihui acknowledges this, stating "there may be substantial evidence to support the family court's findings."  Such evidence includes the injuries to the CW, which were consistent with her testimony that Huihui hit her repeatedly, which testimony the Family Court apparently found to be credible.  We presume that the Family Court was not influenced by incompetent evidence or improper considerations and that it determined the case based only on the competent evidence before it, which was substantial and sufficient evidence.  See, e.g., State v. Antone, 62 Haw. 346, 353, 615 P.2d 101, 107 (1980).

For these reasons, the Family Court's August 10, 2011, Judgment Guilty Conviction and Sentence is affirmed.

DATED:  Honolulu, Hawaiʻi, September 27, 2013.

On the briefs:

Summer M.M. Kupau
Deputy Public Defender
for Defendant-Appellant.

Linda L. Walton
Deputy Prosecuting Attorney,
County of Hawaiʻi
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5